I respectfully disagree with the majority's conclusion that the trial court properly granted summary judgment on Hahn's fraud claim, as I find that Hahn has presented sufficient evidence to create a genuine issue of material fact for trial on each element of fraud. Specifically, construing the facts most strongly in favor of Hahn, appellees failed to disclose the fact that the foster child had a history of sexually assaulting younger children, and thus, was a potential threat to Hahn if placed in the Hahn home. Even though Hahn's parents formally discussed the possibilities of being a foster family with appellees, Mrs. Hahn also discussed becoming a foster family with Hahn and the other children in the household prior to making a decision and "gave them the same information that [appellees] had given [her]" about the foster child. After their discussion and based upon the information before them, Hahn and the other children decided that the family "should give it a try" and become a foster family. As a result of the placement, the foster child sexually assaulted Hahn, causing him to suffer anger, shame, and embarrassment. Consequently, Hahn was no less defrauded than his parents. In viewing the evidence in a light most favorable to Hahn, I would conclude that reasonable minds could differ concerning whether appellees were liable for fraud. I would, therefore, sustain Hahn's first assignment of error. I concur with the majority's disposition of the remaining assignments of error.